IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

CASE NO. CR2-10-230(1)
JUDGE EDMUND A. SARGUS, JR.
MAGISTRATE JUDGE E. A. PRESTON DEAVERS

MICHAEL SPILLAN

### ORDER

This matter is before the Court on the Government's motion for detention of the Defendant pending trial. The motion is opposed by the Defendant.

Under 18 U.S.C. § 3142(f)(2), the Government bears the burden of establishing that (a) the defendant poses a serious risk of flight, or (b) there is a serious risk that the defendant will obstruct justice. The same section also requires that a judicial officer may not order pretrial detention unless, by clear and convincing evidence, the evidence establishes "no condition or combination of conditions will reasonably assure the safety of any other person and the community."

The Court has also considered the factors set forth in 18 U.S.C. § 3142(g), which include:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—

>  (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
>  (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law.

Upon consideration of the above, it is the Order of this Court, as incorporated in this document, together with the terms and conditions of the attached Exhibit A, that:

1. The Defendant shall be incarcerated at his home and shall be restricted to his residence <u>with no exceptions</u>.[1] He shall be subject at all times to electronic monitoring verifying his presence in the residence. He shall remain incarcerated until a land-line telephone is installed at his residence and the electronic monitoring equipment is operational.

2. Defendant shall not conduct any business, solicit funds, accept monies or properties of any kind from others or otherwise engage in any business transactions by mail, computer, telephone, in-person, or any other means during the term of this Order.

3. Defendant will not use a computer for financial transactions of any kind, including credit-card purchases, loans or payments, or on-line banking or investment transactions.

4. In addition to the restrictions in Paragraph 3, Defendant shall only use a computer under the following conditions:

    a). Only one computer will be permitted in the Defendant's residence;

---

[1] The Defendant will meet with his attorney only upon <u>prior</u> approval of the pretrial services officer and upon such conditions as she may reasonably impose.

    b). The Defendant shall only use the computer between 9:00 a.m. and 11:00 a.m. and between 7:00 p.m. and 9:00 p.m.

    c). Every person living in the Defendant's residence who intends to use or does use the computer shall submit to a biometric identification (fingerprinting) and each such person may only use the single computer in the home by presenting the biometric identification upon log-in and on a continuous basis during use of the computer.

    d). The pretrial services officer shall cause to be installed on the computer software that will limit Defendant's access to financial sites (banks, credit card companies, stock traders, and other financial institutions) and allow real-time as well as stored observation of websites visited by the Defendant. The pretrial services officer may at any time inspect the computer, software and hardware. This paragraph is intended to restrict the Defendant and subject him to monitoring as to his use of the computer; it is not so intended as to others in his home, provided such persons do not attempt to assist the Defendant in unauthorized use of the computer.

5.     The pretrial services officer may at any time inspect the Defendant's incoming or outgoing mail.

6.     In addition to these special restrictions, the Defendant is also subject to the terms and conditions set forth in attached Exhibit A.

**IT IS SO ORDERED.**

9-29-2010
**DATE**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**

3